# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-cv-00256-MR
# [CRIMINAL CASE NO. 2:05-cr-00003-MR-DLH-5]

| | |
|---|---|
| CANDY SUE PATRICK WOOD, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM OF**<br>**DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1]. For the reasons that follow, the Court dismisses the petition.

## PROCEDURAL HISTORY

On September 23, 2005, the Petitioner was convicted in this Court, following a guilty plea, of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841 and 846. [Crim. Case No. 2:05-cr-00003-MR-DLH-5 ("CR"), Doc. 119: Judgment].

In preparation for Petitioner's sentencing hearing, the probation office prepared a presentence investigation report ("PSR"), calculating a total

offense level of 36 and a criminal history category of III, yielding an advisory sentencing guidelines range of 235 to 293 months of imprisonment. [CR Doc. 177 at 1: PSR Supplement]. Petitioner faced a statutory mandatory minimum term of 10 years and a maximum term of life imprisonment under 21 U.S.C. §§ 841(b)(1)(A). [Id.]. On September 6, 2005, this Court sentenced Petitioner to 235 months' imprisonment. [CR Doc. 119]. Judgment was entered on September 23, 2005. [Id.]. Petitioner did not appeal. On January 25, 2016, this Court subsequently reduced Petitioner's sentence to 188 months, pursuant to Amendment 782 and 18 U.S.C. § 3582(c)(2). [CR Doc. 183].

Petitioner placed the instant motion to vacate in the prison mailing system on July 22, 2016, and it was stamp-filed in this Court on July 25, 2016. [Doc. 1]. As the sole claim in the motion to vacate, Petitioner contends that Amendment 794 to U.S.S.G. § 3B1.2 makes her eligible for a minor role adjustment to her sentence. [Id. at 4]. Petitioner cites to a recent case from the Ninth Circuit Court of Appeals, United States v. Quintero-Leyva, 823 F.3d 519 (9th Cir. 2016), in which the Ninth Circuit, on a direct appeal from a conviction, held that Amendment 794 set out new guidelines for the determination of whether a defendant should be granted a minor role

2

reduction and determined that Amendment 794 applied retroactively on direct appeals.

## STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## DISCUSSION

Petitioner is not entitled to relief under Section 2255. Here, the claim Petitioner purports to raise is in substance one of sentencing relief under 18 U.S.C. § 3852, based on a retroactive amendment to the sentencing guidelines. Petitioner must seek such relief on this claim, if at all, by filing a motion in her criminal case. See United States v. Jones, 143 F. App'x 526, 527 (4th Cir. 2005) (holding that the district court erred in construing the petitioners' motions under 18 U.S.C. § 3582(c)(2) for reductions in sentence based on retroactive application of Amendment 591 as Section 2255

motions); Ono v. Pontesso, No. 98-15124, 1998 WL 757068, at *1 (9th Cir. Oct. 26, 1998) (noting that a request for a modification of a sentence pursuant to an Amendment to the Sentencing Guidelines "is most properly brought as a motion under 18 U.S.C. § 3582"); see also United States v. Mines, No. 3:09-cr-106-HEH, 2015 WL 1349648, at *1 (E.D. Va. Mar. 4, 2015) (stating that, to the extent that the petitioner "seeks a reduction in sentence pursuant to any amendment to the United States Sentencing Guidelines, he must file a separate motion for reduction of sentence pursuant to 18 U.S.C. § 3582"). Thus, the Court will dismiss this action without prejudice to Petitioner to bring a motion for reduction of sentence in her underlying criminal action.[1]

---

[1] Petitioner states that she seeks relief through Section 2255 because she "cannot file a motion under 18 U.S.C. 3582(2)" to "receive the benefit" of Amendment 794. [Doc. 1 at 12]. Petitioner may be correct to the extent that she may not succeed in a subsequently filed motion for reduction of sentence under Section 3582(2). See United States v. Stokes, 300 Fed. Appx. 507, 508 (9th Cir. 2008) (holding that a "clarifying amendment" does not apply retroactively in a motion for reduction of a sentence under Section 3582); United States v. Quintero-Leyva, 823 F.3d at 523 (holding that Amendment 794 was a "clarifying amendment," meaning that it did not change the substantive law, but merely clarified the factors to be considered for a minor role adjustment). Nevertheless, Petitioner's likelihood of succeeding on a motion brought under Section 3582 does not alter this Court's determination that a Section 2255 petition is not the proper vehicle for a defendant to seek sentencing relief based on a retroactive amendment to the sentencing guidelines.

## CONCLUSION

For the reasons stated herein, the Court will dismiss the motion to vacate without prejudice to Petitioner to file a motion for a sentence reduction in her criminal action.

The Court finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## O R D E R

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**  Signed: August 22, 2016

Martin Reidinger
United States District Judge